IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02011-PAB-KLM

ANDREW THOMAS SCOTT,

    Plaintiff,

v.

CHARLES DAVID HILLER, individually and in his official capacity as
    a Trooper in the Colorado State Patrol,
MATTHEW PACKARD, individually and in his official capacity as
    Colonel of the Colorado State Patrol,
MICHAEL ALLEN, individually and in his official capacity as
    the District Attorney for the 4th Judicial District of Colorado,

    Defendants.

---

**ANDREW THOMAS SCOTT'S
UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO ECF NO. 74**

---

Andrew Thomas Scott (Mr. Scott), the plaintiff in this action, by and through his attorneys at Montgomery Little & Soran, PC, hereby moves this Court, pursuant to D.C.Colo.LCivR 7.2, for an order restricting public access to his Response in Opposition to Defendants Hiller and Packard's Rule 12(b)(1) Motion to Dismiss, ECF No. 74, along with the exhibits and attachments thereto. By mistake of counsel, personal information was filed on the Court's public docket, an error which this motion seeks to mitigate. Accordingly, Mr. Scott seeks a Level 1 restriction. D.C.Colo.LCivR 7.2(b).

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1(a), Jason C. Kennedy, as counsel for Andrew Scott conferred with Defendants' counsel, Danielle Lewis of the Colorado Attorney General's office and Terry Sample of the El Paso County Attorney's Office regarding the relief requested herein. Defendants are unopposed.

## BACKGROUND

On April 4, 2022, Mr. Scott filed his Response in Opposition to Defendants Hiller and Packard's Rule 12(b)(1) Motion to Dismiss, ECF No. 74. To evidence Trooper Hillers' implicit assertion that Mr. Scott previously violated C.R.S. § 18-9-313, Mr. Scott's brief attached several exhibits regarding Trooper Hiller's complaints to the Colorado Department of Regulatory Agencies, Office of Private Investigator Licensure, to attorney Joseph C. Maher's office, and to the Process Servers Association of Colorado. Mr. Scott's brief also attached Mr. Scott's responses to those complaints and the disposition of those complaints by the respective offices. These attachments included personal information of Trooper Hiller and his wife, some of which is subject to Fed. R. Civ. P. 5.2 and some of which Trooper Hiller previously asserted is protected by C.R.S. § 18-9-313. *See, e.g.,* ECF No. 74-9, p. 10-11 (a copy of the affidavit of service as redacted by Trooper Hiller).

Mr. Scott's attorney, Jason C. Kennedy, was aware that those attachments contained information subject to Fed. R. Civ. P. 5.2 as well as information that Trooper Hiller contends is protected by C.R.S. § 18-9-313. To remove the sensitive information, Mr. Kennedy made redactions to those attachments in advance of filing. However, when filing the brief and its

attachments, Mr. Kennedy inadvertently and accidently uploaded the unredacted versions of some of the attachments. Additional redaction has been identified as well.

Mr. Kennedy extends his apologies to Trooper Hiller and to the Court for his mistake. Mr. Kennedy also took prompt remedial action: calling the clerk's office, notifying defense counsel, and preparing this motion.

### ARGUMENT

"Because the analysis of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decision making. The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (internal quotation and citation omitted). The Court's local rules specify that:

> A motion to restrict public access shall be open to public inspection and shall:
>
> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

D.C.Colo.LCivR 7.2(c).

Mr. Scott seeks a Level 1 restriction on his Response in Opposition to Defendants Hiller and Packard's Rule 12(b)(1) Motion to Dismiss, ECF No. 74, along with the exhibits and

attachments thereto. Fed. R. Civ. P. 5.2 requires that dates of birth be redacted from public court filings. C.R.S. § 18-9-313 limits publication on the interest of law enforcement officer's personal information. Because such information, to an extent, was inadvertently made accessible on the court's public docket, a Level I restriction is necessary.

Mr. Scott will refile his Response in Opposition to Defendants Hiller and Packard's Rule 12(b)(1) Motion to Dismiss together with all attachments thereto, properly redacted, once the Court grants this motion to restrict, if it chooses to do so.

### CONCLUSION

Therefore, the Court should set a Level 1 restriction upon Mr. Scott's Response in Opposition to Defendants Hiller and Packard's Rule 12(b)(1) Motion to Dismiss, ECF No. 74, along with the exhibits and attachments thereto.

Dated: April 5, 2022

Respectfully Submitted,

*[signature]*

Jason C. Kennedy, Esq.
MONTGOMERY LITTLE & SORAN, PC
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
Telephone: (303) 773-8100
Fax: (303) 220-0412
sclark@montgomerylittle.com
jkennedy@montgomerylittle.com

*Attorney for Andrew Thomas Scott*