## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 21-cv-02011-NYW-KLM

ANDREW THOMAS SCOTT,

    Plaintiff,

v.

CHARLES DAVID HILLER, individually and in his official capacity as a Trooper in the Colorado State Patrol,
MATTHEW PACKARD, individually and in his official capacity as Colonel of the Colorado State Patrol, and
MICHAEL ALLEN, individually and in his official capacity as the District Attorney for the 4th Judicial District of Colorado,

    Defendants.

---

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix issued on July 11, 2022 [Doc. 88] arising from the Motion to Dismiss filed by Defendants Charles David Hiller ("Defendant Hiller" or "Trooper Hiller") and Matthew Packard ("Defendant Packard," and collectively with Defendant Hiller, "CSP Defendants") [Doc. 58, filed February 28, 2022] and the Motion to Dismiss filed by Defendant Michael Allen ("Defendant Allen") [Doc. 71, filed March 24, 2022].[1] Plaintiff Andrew Thomas Scott ("Plaintiff" or "Mr. Scott") filed an Objection, [Doc. 90, filed July 26, 2022], to which the CSP Defendants responded.

---

[1] Originally, this matter was assigned to the Honorable Philip A. Brimmer and drawn to the Honorable Kathleen L. Tafoya. [Doc. 2]. Upon Magistrate Judge Tafoya's retirement, it was reassigned to the Honorable Kristen L. Mix. [Doc. 46]. It was then reassigned to the undersigned on August 4, 2022 upon her appointment as a United States District Judge. [Doc. 93].

[Doc. 99, filed August 30, 2022]. Defendant Allen also filed an Objection, [Doc. 89, filed July 26, 2022], to which Plaintiff responded. [Doc. 100, filed August 30, 2022]. The issues are fully brief and are ripe for review. For the reasons stated below, the respective Objections by Plaintiff and Defendant Allen are **OVERRULED**, and the Recommendation is **ADOPTED in its entirety**.

## BACKGROUND

The factual background of this action has been discussed in detail in Magistrate Judge[2] Mix's Recommendation [Doc. 88], and therefore, the Court will only recount the most salient factual allegations, which are taken as true for the purposes of the pending Motions to Dismiss and Recommendation. According to the operative Amended Complaint, this action arises from the attempted service of a subpoena by Plaintiff, a process server, on Defendant Hiller. *See* [Doc. 35]. After attempting to coordinate service upon Defendant Hiller, Mr. Scott traveled to Defendant Hiller's residence on March 17, 2021. [*Id.* at ¶ 31]. After Defendant Hiller refused to come to the door to accept service, Plaintiff taped the subpoena to the door and sent Defendant Hiller a text message "in an effort to coax Trooper [sic] out of the residence to receive service and in an effort to avoid noting Trooper Hiller's personal information in the Affidavit of Service." [*Id.* at ¶ 39]. Specifically, Mr. Scott stated "I did everything I could to avoid putting your home address on the affidavit which will be filed in this case and the criminals will see. Now I'll fill out a document explaining your wife's information and explaining that you refuse service. . . ." [Doc. 88 at 2 (citing Doc. 74-2 at 4)]. Trooper Hiller then sent an email to Mr. Scott to coordinate a meeting place to complete service. [*Id.* at 3 (citing Doc. 74-2 at 5)].

---

[2] In his Objection to the Recommendation, Plaintiff refers to "the Magistrate." [Doc. 90 at 5]. The proper terminology is "Magistrate Judge," or simply, "Judge." *See* 28 U.S.C. § 636.

Nevertheless, Mr. Scott completed an affidavit of service by refusal, which reflected Defendant Hiller's full name and date of birth; his phone number; his address; his vehicle and license plate; and his wife's name and date of birth in order to corroborate that service was effective and that the proper party was served. [Doc. 35 at ¶ 44]. Plaintiff emailed the affidavit of service to Joseph Maher, an attorney at the Colorado Department of Revenue, who requested the subpoena to be served. [*Id.* at ¶ 22; Doc. 88 at 3 (citing Doc. 74-13 at 2)]. Mr. Maher then agreed to redact Defendant Hiller's personal information from the affidavit of service before sending the served subpoena to the Department of Revenue. [Doc. 88 at 3 (citing Doc. 74-3 at 2)].

On or about March 23, 2021, Defendant Hiller filed an administrative complaint against Mr. Scott with the Colorado Department of Regulatory Agencies, Office of Private Investigator Licensure, and submitted a complaint to the Process Servers Association of Colorado ("PSACO"). [*Id.* (citing Doc. 74-4 at 3 and Doc. 74-9 at 4)]. Although neither complaint referenced it, Plaintiff contends that these complaints implicitly assert a violation of Colo. Rev. Stat. § 18-9-313(2.7) ("the Statute"), which provides that:

> It is unlawful for a person to knowingly make available on the internet personal information about a protected person or the protected person's immediate family if the dissemination of personal information poses an imminent and serious threat to the protected person's safety or the safety of the protected person's immediate family and the person making the information available on the internet knows or reasonably should know of the imminent and serious threat.

Colo. Rev. Stat. § 18-9-313(2.7). Ultimately, the Office of Private Investigator Licensure dismissed the administrative complaint, but PSACO expelled Plaintiff for violating the PSACO Code of Ethics and the Statute. [Doc. 88 at 4 (citing Doc. 74-11 at 2)].

Plaintiff commenced this action on July 26, 2021 and filed the operative Amended Complaint seeking declaratory relief on January 13, 2022, seeking relief from Defendants in both their individual and official capacities. [Doc. 1; Doc. 35]. Mr. Scott "seeks a declaration that the

3

Statute is unconstitutional on its face" and "asks this Court to determine whether the Statute can constitutionally proscribe him from publicly defending himself because his evidence contains [Defendant] Hiller's identifying information." [Doc. 88 at 5 (citing Doc. 35 at ¶ 94 and Doc. 74 at 2)]. The CSP Defendants and Defendant Allen both invoke Rule 12(b)(1) of the Federal Rules of Civil Procedure, challenging this Court's subject matter jurisdiction, in their respective Motions to Dismiss. [Doc. 58; Doc. 71].

I.        **Recommendation of the United States Magistrate Judge**

On July 11, 2022, Magistrate Judge Mix issued a Recommendation, proceeding under Rule 12(b)(1). [Doc. 88]. Judge Mix summarizes Defendants' respective Motions to Dismiss as follows. First, the CSP Defendants argue that (1) they are not proper *Ex parte Young* official capacity defendants because they cannot provide the prospective relief Plaintiff seeks; (2) any future publication of Defendant Hiller's personal information would not involve Defendant Hiller in his official capacity and therefore, he would still not be a proper *Ex parte Young* Defendant; and (3) even if the CSP Defendants are proper *Ex parte Young* defendants, Plaintiff cannot establish an injury-in-fact and does not have Article III standing. [*Id.* at 5-6]. Second, Defendant Allen contends that Plaintiff cannot establish an injury in fact and lacks Article III standing. [*Id.* at 6].

***CSP Defendants in their official capacities.*** As to the claims against the CSP Defendants in their official capacities, Judge Mix found that "[t]o have a connection with the enforcement of a statute, 'the defendant must have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." [*Id.* at 8-9 (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908))]. Applying that standard, Judge Mix concluded that the connection alleged to exist between Defendant Hiller, as a Colorado State Patrol Trooper, and Defendant Packard, as a Colorado State Patrol Colonel, and the ability to enforce the Statute against Plaintiff, was too

4

attenuated to allow them to be proper official capacity defendants. [*Id.* at 9]. In doing so, Judge Mix rejected Plaintiff's arguments that the CSP Defendants' ability to make criminal arrests and refer cases to a district attorney's argument for prosecution was sufficient for the *Ex parte Young* exception to apply. [*Id.* at 9-10].

***All Defendants in their individual capacities.*** With respect to the claims against the CSP Defendants and Defendant Allen in their individual capacities, Judge Mix found that claims under 42 U.S.C. § 1983 could only seek money damages, and because Plaintiff did not seek monetary damages, those claims should be dismissed. Accordingly, Judge Mix recommended that the CSP Defendants' Motion to Dismiss be granted in its entirety and the claims against Defendants Hiller and Packard be dismissed without prejudice. [*Id.* at 12-13]. In addition, Judge Mix recommended that the claims against Defendant Allen in his individual capacity be dismissed. [*Id.* at 13].

***Article III standing.*** With respect to the CSP Defendants and Defendant Allen's challenges to Plaintiff's Article III standing, Judge Mix considered all of Defendants' arguments despite the fact that she recommended that the CSP Defendants' Motion to Dismiss be granted on separate grounds. Specifically, Judge Mix analyzed Defendants' arguments that Mr. Scott lacked standing, as his alleged injury was "purely speculative" and Plaintiff offered no well-pled allegations showing a credible threat of prosecution in his Complaint. [*Id.* at 14]. In doing so, she applied the standard set out by the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") in *303 Creative LLC v. Elenis*, 6 F.4th 1160, 1172-73 (10th Cir. 2021), *cert. granted in part*, 142 S. Ct. 1106 (2022), for standing in pre-enforcement, First Amendment challenges: "(1) whether the plaintiff showed past enforcement against the same conduct; (2) whether authority to initiate charges was not limited to a prosecutor or an agency and, instead, any person could file a complaint against the plaintiffs; and (3) whether the state disavowed future enforcement." [Doc.

5

88 at 15 (quoting *303 Creative*, 6 F.4th at 1174 (internal quotations omitted))]. Based on the record before her, including sworn statements by Defendants Hiller, Packard, and Allen, the Magistrate Judge found that there was no credible threat of prosecution by Defendants Hiller and Packard, but that Plaintiff had carried his burden of establishing a credible threat of prosecution as to Defendant Allen. [*Id.* at 17-18]. Thus, Judge Mix recommended that Defendant Allen's Motion to Dismiss be denied as to the official capacity claims against him. [*Id.* at 19].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. [*Id*. at 20]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 11, 2022. *See* [Doc. 88 at 20]. Plaintiff and Defendant Allen filed timely Objections on July 26, 2022. [Doc. 89; Doc. 90].

## REVIEW

### I.     Standard of Review

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

6

## II.     Plaintiff's Objection

Plaintiff objects to the Recommendation of the United States Magistrate Judge insofar as it recommends dismissal of the individual-capacity claims against Defendant Hiller. [Doc. 90 at 1]. To that end, Mr. Scott contends that Judge Mix misconstrued his personal-capacity claims against Defendant Hiller as claims brought pursuant to 42 U.S.C. § 1983 instead of the Declaratory Judgment Act, and asserts that the lack of monetary damages does not preclude his personal-capacity claims against Defendant Hiller from proceeding. [*Id.* at 5-6]. In addition, Mr. Scott further argues that the Magistrate Judge did not consider whether Mr. Scott had standing to pursue his personal-capacity claims against Trooper Hiller and urges this Court to find standing because "Trooper Hiller has explicitly reserved the right to seek enforcement of the Statute against Mr. Scott should Mr. Scott publish the video and affidavit of service online" and therefore, Plaintiff has satisfied the injury-in-fact element of standing. [*Id.* at 7-8].

The CSP Defendants filed a Response to Plaintiff's Objection to Recommendation of the United States Magistrate Judge. [Doc. 99]. First, the CSP Defendants note that "[Mr.] Scott does not object to the Magistrate Judge's findings and recommendation that his official capacity claims against the CSP Defendants and his individual capacity claim against Packard be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure," and argue that any objections to those findings and conclusion are therefore deemed waived. [*Id.* at 3 n.1]. Next, the CSP Defendants contend that Mr. Scott may not proceed with his personal-capacity claims against Defendant Hiller because the Declaratory Judgment Act does not, itself, confer an independent basis for jurisdiction, nor does it create a standalone, substantive cause of action. [*Id.* at 3-4]. The CSP Defendants also argue that direct actions against state actors under the Constitution are not appropriate, and § 1983 is the only vehicle available to Plaintiff to raise claims based on the violation of his federal constitutional rights. [*Id.* at 4].

7

As an initial matter, this Court concludes that the only specific objection preserved by Plaintiff is his challenge to Judge Mix's Recommendation that the personal-capacity claims against Defendant Hiller be dismissed. Thus, the Court reviews this portion of Judge Mix's Recommendation de novo.[3]

Regardless of whether 42 U.S.C. § 1983 applies to this dispute or whether constitutional challenges to state statutes can be brought in cases solely between private parties in some circumstances,[4] it is clear that Mr. Scott cannot challenge the constitutionality of the Statute against Defendant Hiller in his individual capacity in this action. Mr. Scott implicitly concedes that he is not alleging that Defendant Hiller violated his First Amendment rights through any action Defendant Hiller has taken to date, but instead is seeking to have this Court declare the Statute unconstitutional – regardless of whether Defendant Hiller ever attempts to enforce it against him. [Doc. 90 at 5-6].[5]

---

[3] The Court has also reviewed the remainder of Judge Mix's Recommendation and finds that it is well-reasoned and should be adopted.

[4] This case is distinguishable from the case upon which Plaintiff relies, *Mbaku v. Bank of America*, No. 12-cv-00190-PAB-KLM, 2014 WL 4099313 (D. Colo. Aug. 20, 2014), *aff'd sub nom. Mbaku v. Bank of Am., Nat. Ass'n*, 628 F. App'x 968 (10th Cir. 2015), where the private-party defendant could effectuate a foreclosure under Colorado Rule of Civil Procedure 120. There simply is no "definite and concrete" dispute or adversity between Mr. Scott and Defendant Hiller, in his personal capacity, in a legal sense. *Mbaku*, 2014 WL 4099313, at *4.

[5] Mr. Scott's argument that Judge Mix did not consider whether he had standing to bring claims against Defendant Hiller in his personal capacity is incorrect. [Doc. 90 at 6-7]. Her discussion of standing encompasses all Defendants – including Defendant Hiller – while acknowledging that she had recommended dismissal on other grounds and is in no way limited to the official capacity claims. [Doc. 88 at 13-14 & n.10]. Judge Mix specifically observes that Defendant Allen attested that "members of the public" – such as Defendant Hiller in his personal capacity – "may not initiate prosecutions against Plaintiff for an alleged violation of the challenged statute" and concludes that because prosecutors hold the exclusive power to prosecute crimes in Colorado, "Plaintiff is not at risk of members of the public, including Defendant Hiller in his capacity as a private citizen, filing charges against him." [*Id.* at 16].

It is well-settled that "Article III of the Constitution affords federal courts the power to resolve only 'actual controversies arising between adverse litigants." *Whole Woman's Health v. Jackson*, -- U.S. ---, 142 S. Ct 522, 532 (2021). As observed by Judge Mix, to satisfy Article III's standing requirements, a plaintiff must show: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013) (quoting *Friends of the Earth v. Laidlaw Env't Servs.*, 528 U.S. 167, 180-81 (2000) (internal citation omitted)). Mr. Scott does not challenge the Magistrate Judge's finding that Defendant Hiller does not possess any enforcement authority in connection with the Statute in his official capacity. *Compare* [Doc. 88 at 8-13] *with* [Doc. 90]. And there is no provision in the Statute that would permit its enforcement by a private individual. *Cf. Whole Woman's Health*, 142 S. Ct at 537 (considering plaintiffs' standing to bring suit against a private individual when the statute at issue permits enforcement by a private individual). Thus, this Court concludes that the third element of standing, i.e., redressability, is not met here, "when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute." *Bishop v. Smith*, 760 F.3d 1070, 1088 (10th Cir. 2014).

Accordingly, this Court **OVERRULES** Plaintiff's Objection and **ADOPTS** the Recommendation of the United States Magistrate Judge with respect to the Motion to Dismiss filed by Defendants Charles Hiller and Matthew Packard [Doc. 58].

9

## II. Defendant Allen's Objection

Defendant Allen filed an Objection, in part, to the Recommendation of United States Magistrate Judge, arguing that Judge Mix erred when she "require[d] Allen to disavow any future enforcement without Plaintiff establishing past prosecution of [the] statute and fail[ed] to address whether an injury in fact is establish if personal information in [sic] video or document in [sic] blurred/redacted, by Plaintiff." [Doc. 89 at 1, 5]. Though not entirely clear, Defendant Allen also seems to contend that Plaintiff lacks standing to bring his claim against Defendant Allen because he can accomplish his goal of redemption by merely editing the video and affidavit by blurring or redacting the house numbers, street signs, or license plate numbers, "thereby addressing the 'false accusations' without disclosing Trooper Hiller's personal identifying information" which would not amount to a violation of Colo Rev. Stat. § 18-9-313(2.7) in any circumstance. [*Id.* at 6].

In response to Defendant Allen's Objection, Plaintiff argues that the failure by Mr. Allen to disavow prosecution is "a strong indication of a credible threat of prosecution." [Doc. 100 at 4]. Mr. Scott contends that the case law does not require that each of the *303Creative* factors be satisfied to conclude a credible threat of prosecution exists. [*Id.* at 4-5]. Instead, he argues that the United States Supreme Court has noted that "while a history of prior enforcement of prosecution is material, the threat of prosecution is 'even more substantial' based upon assessments of the current cause of action." [*Id.* at 4-5 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014))]. Finally, Mr. Scott asserts that Defendant Allen's arguments with respect to the blurring and/or redaction of the video is a "red herring," as "the question of standing asks whether the plaintiff risks prosecution if they do what they say they wish to do." [*Id.* at 5 (citing *Holder v. Humanitarian Law Project*, 561 U.S. 1, 16 (2010))].

As discussed above, Mr. Scott does not allege that his First Amendment rights have already been infringed by any of the Defendants. *See generally* [Doc. 35]. Nor is there any allegation that he has been prosecuted under any Colorado statute. [*Id.*]. Instead, he brings a pre-enforcement challenge, and seeks two forms of relief: (1) a declaration that the Statute is unconstitutional on its face, and (2) a declaration that the Statute is unconstitutional as applied to the publication of the Video, the Affidavit of Service, and Trooper Hiller's personal identifying information. [*Id.* at 18-19].

The Parties do not dispute, and this Court confirms upon de novo review, that Judge Mix articulated an appropriate standard to analyze whether Plaintiff had standing to bring a pre-enforcement challenge to the Statute.[6] [Doc. 88 at 14-15 (citing *Susan B. Anthony List*, 573 U.S. at 159 and *303 Creative*, 6 F.4th at 1174); Doc. 89 at 4-5; Doc. 100 at 3]. Under *Susan B. Anthony List*, to establish standing, a plaintiff must allege (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and (2) "there exists

---

[6] In a decision issued after Judge Mix issued her Recommendation, the Tenth Circuit observed that standing can be established either by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder, or by alleging a credible threat of future prosecution plus an ongoing injury resulting from the statute's chilling effect on his desire to exercise his First Amendment rights." *Peck v. McCann*, 43 F.4th 1116, 1129-30 (10th Cir. 2022) (quotation omitted) (emphasis added). To determine whether the plaintiff adequately alleged a "chilling effect," the Circuit considered whether "(1) evidence that in the past they have engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that they presently have no intention to do so because of a credible threat that the statute will be enforced." *Id.* (citing *Initiative & Referendum Institute v. Walker*, 450 F.3d 1082, 1088-89 (10th Cir. 2006) (en banc)). While Mr. Scott attests that "publicly publish the Video and Affidavit of Service, including Trooper Hiller's personal identifying information therein, on the internet in the future to publicly defend myself against Trooper Hiller['s] accusations and to hold him to public account," [Doc. 78-13 at ¶ 8], the paragraphs he refers to in his Response to do not establish any evidence that in the past he has engaged in the type of speech affected by the challenged government action. [Doc. 78 at 11 (citing Doc. 78-13 at ¶¶ 22-28)]. Therefore, this Court determines de novo that Plaintiff would be unable to establish standing under the *Walker* test.

11

a credible threat of prosecution thereunder." *Susan B. Anthony List*, 573 U.S. at 159 (internal citation and quotation marks omitted). There appears no dispute that Plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, in his desire "to publicly publish the Video and Affidavit of Service, including Trooper Hiller's personal identifying information therein, on the internet in the future to publicly defend [himself] against Trooper Hiller['s] accusations and to hold him to public account." [Doc. 35 at ¶¶ 83-97; Doc. 78-13 at ¶ 8]. The Tenth Circuit has identified a non-exhaustive list of factors for courts to weigh when determining whether a credible threat of prosecution exists, and there are at least three factors for the Court to weigh: "(1) whether the plaintiff showed past enforcement against the same conduct; (2) whether authority to initiate charges was not limited to a prosecutor or an agency and, instead, any person could file a complaint against the plaintiffs; and (3) whether the state disavowed future enforcement." *303 Creative*, 6 F.4th at 1174 (quotations omitted).

Defendant Allen contends that Judge Mix erred when she concluded that Plaintiff had adequately established a credible threat of prosecution because Defendant Allen had not disavowed future enforcement, even though Plaintiff had failed to establish past enforcement or prosecution under the challenged Statute. [Doc. 89 at 5 (citing Doc. 88 at 15-16)]. Defendant Allen argues that in light of no past enforcement or prosecution, any future enforcement was "imaginary or speculative," and thus, disavowal of future enforcement by Defendant Allen should not be required. [*Id.* at 5]. Plaintiff argues in response that the analysis of credible threat is prospective, not retrospective, and, relying upon *Rio Grande Found. v. City of Santa Fe*, 7 F.4th 956, 959 (10th Cir. 2021), that the lack of disavowal by both Defendant Hiller and Defendant Allen establishes a credible threat of prosecution. [Doc. 100 at 3-4].

The Tenth Circuit has recognized that "the First Amendment context creates unique interests that lead us to apply the standing requirements somewhat more leniently, facilitating pre-enforcement suits." *See Peck v. McCann*, 43 F.4th 1116, 1129 (10th Cir. 2022) (citing *Ward v. Utah*, 321 F.3d 1263, 1267 (10th Cir. 2003)). In analyzing whether the petitioner had satisfied the "credible threat" prong, the Circuit stated, "Circuit and Supreme Court precedent tells us that this is not supposed to be a difficult bar for plaintiffs to clear in the First Amendment pre-enforcement context." *Id.* at 1133. The fact that a prosecutor had never enforced the statute at issue is not dispositive. *See id.* (citing *Mangual v. Rotger-Sabat*, 317 F.3d 45, 57 (1st Cir. 2003) ("As to whether a First Amendment plaintiff faces a credible threat of prosecution, the evidentiary bar that must be met is extremely low. . . . The Supreme Court has often found standing to challenge criminal statutes on First Amendment grounds even when those statutes have never been enforced.")). Given Mr. Scott's alleged belief that "publication of personal identifying information of law enforcement personnel is integral to holding law enforcement personnel accountable for their conduct," [Doc. 35 at ¶ 20]; his prior experience with Defendant Hiller, [*id.* at ¶¶ 21, 82]; the lack of disavowal by Defendant Allen with respect to future prosecution under the Statute should he "publicly publish the Video and Affidavit of Service, including Trooper Hiller's personal identifying information therein, on the internet in the future," *compare* [Doc. 78-13 at ¶ 8] *with* [Doc. 71-1], and the "extremely low" bar in establishing standing in pre-enforcement actions, *see Peck*, 43 F.4th at 1133; *Mangual*, 317 F.3d at 57, this Court concludes that Plaintiff has adequately established standing to challenge the constitutionality of the Statute against Defendant Allen, in his official capacity. *See Peck*, 43 F.4th at 1133 (finding a credible threat under the *Walker* test, in part, because "[t]here is nothing, not even their word, to prevent [defendant] or another prosecutor from bringing charges against [plaintiff] for similar statements in the future.").

Thus, this Court **OVERRULES** Defendant Allen's Objection and **ADOPTS** the Recommendation of the United States Magistrate Judge with respect to Defendant Allen's Motion to Dismiss [Doc. 71].

## CONCLUSION

For the reasons set forth above, after de novo review, the Recommendation of United States Magistrate Judge [Doc. 88] is **ADOPTED**, and **IT IS ORDERED** that:

(1) The Motion to Dismiss filed by Defendants Charles David Hiller and Matthew Packard [Doc. 58] is **GRANTED**. All claims against Defendants Hiller and Packard are **DISMISSED without prejudice** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and

(2) The Motion to Dismiss filed by Defendant Michael Allen [Doc. 71] is **GRANTED IN PART and DENIED IN PART**. All claims against Defendant Allen in his individual capacity are **DISMISSED without prejudice** pursuant to Rule 12(b)(1). The claims against Defendant Allen in his official capacity **REMAIN**.

DATED: October 3, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge