## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Nina Y. Wang

Civil Action No. 21-cv-02011-NYW-KLM

ANDREW THOMAS SCOTT,

    Plaintiff,
v.

MICHAEL ALLEN, in his official capacity as the District Attorney for the 4th Judicial District of Colorado,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Response to Order to Show Cause Issued November 9, 2022 (the "Response"). [Doc. 108]. For the reasons set forth herein, the Court concludes that Defendant Michael Allen ("Defendant Allen" or "Defendant") has failed to show cause why the Court should not strike "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (the "Second Motion to Dismiss"), [Doc. 106], as successive under Rule 12(g). Accordingly, the Second Motion to Dismiss is hereby **STRICKEN**.

## BACKGROUND

The factual and procedural background of this case has been set out in detail by Magistrate Judge Kristen L. Mix, *see* [Doc. 88], and the Court reiterates that background here only as necessary for purposes of this Order. Plaintiff Andrew Thomas Scott initiated this civil action on July 26, 2021, [Doc. 1], and filed an Amended Complaint on January 13, 2022. [Doc. 35]. Defendant filed a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (the "First Motion to Dismiss") on March 24, 2022, seeking to dismiss Plaintiff's Amended Complaint. [Doc.

71]. Judge Mix issued a Recommendation of United States Magistrate Judge on July 11, 2022, recommending that the First Motion to Dismiss be granted in part and denied in part. [Doc. 88]. Over Defendant's objections, *see* [Doc. 89], this Court adopted Judge Mix's Recommendation and granted in part and denied in part the First Motion to Dismiss. [Doc. 104].

Defendant filed the Second Motion to Dismiss on November 8, 2022, arguing that Plaintiff's Amended Complaint must be dismissed under Rule 12(b)(6). [Doc. 106]. The next day, this Court issued an Order to Show Cause directing Defendant Allen to show cause "why the Second Motion to Dismiss should not be stricken as procedurally improper under Rule 12(g)(2) of the Federal Rules of Civil Procedure." [Doc. 107 at 4]. Defendant has since responded to the Court's Order, arguing that the Court should exercise its discretion to consider the Second Motion to Dismiss as a motion for judgment on the pleadings under Rule 12(c). *See* [Doc. 108]. The Court addresses Defendant Allen's arguments below.

## ANALYSIS

Rule 12(g)(2) prohibits a party from filing a second Rule 12 motion that raises "a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "Rule 12(g)(2) is designed to avoid unnecessary delay at the pleading stage by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion.'" *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 702 (10th Cir. 2014) (quoting Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1384 (3d ed. 2014)); *see also Speed RMG Partners, LLC v. Arctic Cat Sales Inc*, No. 20-cv-609 (NEB/LIB), 2021 WL 5087273,

2

at *3 (D. Minn. Mar. 5, 2021) ("This bar [on successive Rule 12 motions] is intended to limit piecemeal consideration of a case.").

Two exceptions to this bar are set out in Rule 12(h). First, Rule 12(h)(2) "allows parties to raise certain defenses, including the failure to state a claim upon which relief may be granted, in any pleading allowed under Rule 7(a), by a motion for judgment on the pleadings under Rule 12(c), or at trial." *Albers*, 771 F.3d at 701; Fed. R. Civ. P. 12(h)(2). In addition, an argument attacking the Court's subject-matter jurisdiction may be raised at any time during the pendency of an action. Fed. R. Civ. P. 12(h)(3).[1]

In his Response, Defendant Allen does not argue that he could not have raised the arguments in the Second Motion to Dismiss in the First Motion to Dismiss. *See* [Doc. 108]. Instead, he first reiterates the procedural timelines set forth in Rule 12(b)(6):

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> . . .
>
> (6) failure to state a claim upon which relief can be granted;
>
> . . .
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

[*Id.* at 6 (quoting Fed. R. Civ. P. 12(b)(6)]. Defendant Allen argues that because he has not yet filed a responsive pleading in this matter, his Second Motion to Dismiss was timely filed. [*Id.* at 6–7].

---

[1] The Second Motion to Dismiss does not challenge the Court's subject matter jurisdiction. *See* [Doc. 106].

Typically, a party must file a responsive pleading within 21 days after service of the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). But "[i]f a party files a motion under Rule 12, that deadline is changed." *Wood v. LP Conversions, Inc.*, No. 14-2228-CM, 2014 WL 7359406, at *1 (D. Kan. Dec. 23, 2014). Rule 12(a)(4) states that if the district court denies a motion under Rule 12(b), a responsive pleading "<u>must</u> be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4) (emphasis added). Because this Court denied in part the First Motion to Dismiss on October 3, 2022, *see* [Doc. 104], Defendant Allen was required to file a responsive pleading no later than October 17, 2022. He failed to do so. This failure does not render the Second Motion to Dismiss timely filed.

Next, Defendant Allen argues that the Second Motion to Dismiss may be construed as a motion for judgment on the pleadings under Rule 12(c). [Doc. 108 at 8]. He directs the Court to the Tenth Circuit's decision in *Albers*, arguing that this decision permits the Court to construe his Second Motion to Dismiss as a Rule 12(c) motion so long as the Court accepts the allegations in the First Amended Complaint as true. [*Id.* at 10–11]. Defendant states that while this Court "alluded to the inapplicability of converting a Rule 12(b)(6) motion to a [Rule] 12(c) motion before all of the pleadings have been closed," he "note[s] that in the *Albers* case, according to the history listed for the underlying case . . ., there had been no Answer filed by the defendants when the Tenth Circuit" concluded that there was no prejudicial error in the district court considering a new Rule 12(b)(6) argument in a successive motion. [*Id.* at 11–12].

The Court is respectfully unpersuaded by this assertion. As mentioned by Defendant, in its Order to Show Cause, this Court stated that it appears that the Rule 12(h)(2) exception to Rule 12(g)(2) does not apply in this case because "this exception does not apply where the pleadings

4

are not closed." [Doc. 107 at 2 n.2]. The pleadings are considered "closed" when all defendants in a case have filed an answer. *See Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 809 n.3 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). A number of district courts have held that the Rule 12(h)(2) exception does not apply where the pleadings have not yet closed. *See, e.g.*, *Route App, Inc. v. Heuberger*, No. 2:22-cv-291-TS-JCB, 2022 WL 4109686, at *4 (D. Utah Sept. 8, 2022) ("Here, [the defendant] has filed a second Rule 12(b) motion without filing an answer to [the complaint]. Therefore, it would be premature to construe the Rule 12(b)(6) motion under Rule 12(c) and procedurally improper to consider [the] second 12(b) motion."); *RocketPower, Inc. v. Strio Consulting, Inc.*, No. 19-cv-01928 (ECT/BRT), 2019 WL 5566548, at *4 (D. Minn. Oct. 29, 2019) ("This exception [under Rule 12(h)(2)] does not apply because pleadings here have not yet closed—Strio has not answered."); *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, No. 3:19-cv-00469, 2022 WL 2793340, at *21 (M.D. Tenn. July 14, 2022) ("[T]he pleadings in this matter are not 'closed' for purposes of Rule 12(c). Therefore[,] the Court simply cannot treat Defendants' motions [under Rule 12(b)] as being brought under Rule 12(c), even if so doing would foster efficiency.").

In *Albers*, the Tenth Circuit did not hold that it is procedurally proper for a district court to construe a successive Rule 12(b)(6) motion as a Rule 12(c) motion prior to the closing of the pleadings; indeed, neither the *Albers* parties nor the *Albers* court addressed whether the pleadings had closed. *See Albers*, 771 F.3d at 703–04. Instead, because the district court had accepted all of the facts in the complaint as true, the Tenth Circuit reasoned that "it is as if the [defendant] had filed an answer admitting all of the [the plaintiffs'] factual allegations and then filed its motion pursuant to Rule 12(c), instead of Rule 12(b)(6)." *Id.* at 704. The court thus concluded that the

5

district court's consideration of a new argument in a successive Rule 12(b)(6) motion, if procedural error, was nevertheless "harmless." *Id.* But the Court is not inclined to engage in procedural error on the basis that the error may subsequently be deemed harmless. The Court cannot ignore the plain language of Rule 12(c), which permits motions for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c).

A practice of permitting a defendant to file a Rule 12(c) motion immediately after the denial of his Rule 12(b)(6) motion would give the defendant a clear opportunity for a second bite at the apple, raising new arguments attacking the sufficiency of the allegations after the defendant's original arguments were unsuccessful. Such a practice results in piecemeal consideration of a case and clearly contravenes the purpose of Rule 12(g)(2), which is to require an omnibus motion raising "<u>every available</u> Rule 12 defense and objection [the defendant] may have that is assertable by motion." *Albers*, 771 F.3d at 702. Moreover, as this Court recently explained, "[w]hen a premature Rule 12(c) motion is filed, a court may treat the motion as a motion to dismiss under Rule 12(b)(6)." *Sanders v. Polaris Indus., Inc.*, No. 21-cv-02055-NYW-MEH, 2022 WL 16713089, at *6 (D. Colo. Nov. 4, 2022) (citing *Mayall v. Randall Firm, PLLC*, No. 1:13-cv-00166-TC, 2017 WL 3432033, at *3 (D. Utah Aug. 9, 2017)). "Construing [an] improper Rule 12(b)(6) motion as a premature Rule 12(c) motion—which would subsequently require construing the premature Rule 12(c) motion as a Rule 12(b)(6) motion—would render the confines of Rule 12(g)(2) meaningless." *Id.*

Even if this Court were to accept Defendant's argument, this Court has discretion in deciding whether to construe a successive Rule 12(b) motion as a Rule 12(c) motion and would decline to exercise that discretion here. While Defendant Allen states that the Court may "in the

6

interest of judicial economy and to avoid delay" construe the Second Motion to Dismiss as having been asserted under Rule 12(c), he does not explain why doing so would be in the interest of judicial economy. [Doc. 108 at 12–13]. As recounted in Defendant's Response, *see* [*id.* at ¶¶ 1–27], the procedural history of this case is lengthy. The Parties have completed, and the Court has considered, one round of briefing on the First Motion to Dismiss, as well as objections and responses to Judge Mix's Recommendation. *See* [Doc. 71; Doc. 74; Doc. 86; Doc. 88; Doc. 89; Doc. 100; Doc. 104]. The Court does not find it in the interest of judicial economy to require another round of Rule 12(b)(6) briefing to permit Defendant Allen to raise arguments in the Second Motion to Dismiss that he could have raised in the First Motion to Dismiss, given that the Parties are approaching the close of discovery on January 27, 2023. [Doc. 67 at 11].

Importantly, the arguments raised in the Second Motion to Dismiss have not been waived; while "a party who files a Rule 12 motion without raising a failure-to-state-a-claim defense gives up their opportunity to raise that defense prior to the closing of the pleadings," the party "retains the right to present the defense later . . . in a pleading, a Rule 12 motion for judgment on the pleadings, or at trial." *E. Coast Test Prep LLC v. Allnurses.com, Inc.*, No. 15-3705 (JRT/JSM), 2016 WL 5109137, at *2 (D. Minn. Sept. 19, 2016). The Court further notes that the dispositive motions deadline does not run until February 26, 2023. [Doc. 67 at 11]. Thus, Defendant Allen may raise his various arguments through a dispositive motion in due course.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1)   Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 106] is **STRICKEN** pursuant to Rule 12(g)(2); and

7

(2) Defendant Allen **SHALL ANSWER** the First Amended Complaint [Doc. 35] within **14 days** of this Order.

DATED: November 16, 2022                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge